**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JACK NANCE HENSLEY, also
known as Bones,

     Defendant-Appellant.

No. 98-7085
(D.C. No. 97-CR-47-BU)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK, EBEL** and **MURPHY,** Circuit Judges.

---

On December 10, 1997, Jack Nance Hensley pled guilty to conspiracy to

manufacture, to possess with intent to distribute, and to distribute

methamphetamine. On appeal, Hensley's attorney filed a motion to withdraw

supported by a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

(1967). In the brief, counsel acknowledges that Hensley wishes to appeal on the grounds that his sentence was too harsh because (1) he was attributed more drugs than he actually made; and (2) he should not have received a sentencing enhancement for a gun carried by a co-defendant. Counsel avers, however, that he "searched the record, and his files and notes," and "can put forth no reasonable grounds for reversal or remand in this case."

Under Anders, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. That request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. In addition, "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." Id. Then, the appellate court "proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id.

We find that counsel has complied with Anders. In addition, Hensley has been given the opportunity to respond to counsel's Anders brief and has failed to do so. We have carefully examined the record before us and find no basis for an appeal. As a result, we AFFIRM the sentence entered by the district court, DISMISS the appeal, and GRANT counsel permission to withdraw as attorney for Hensley. See id.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge